```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   CR. NO. 16-00468 HG-01
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
DARRELL BACLAAN,               )
                               )
          Defendant.           )
_____)
```

**ORDER GRANTING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 65)**

Defendant Darrell Baclaan is serving a 12-month and one day sentence after violating four conditions of his Supervised Release.

Defendant is currently incarcerated at Federal Detention Center Honolulu with a projected release date of August 3, 2020.

Defendant has filed a Motion seeking immediate release to home confinement pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release to home confinement to his family's home on Oahu due to the COVID-19 pandemic. He claims that his medical conditions place him at high risk of serious illness if he should contract the virus while incarcerated.

The Government opposes Defendant's Motion.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances and the

factors set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant's release from FDC Honolulu to serve the remainder of his sentence on conditions of home confinement is appropriate. Defendant has served the majority of his twelve month sentence. Defendant's age, history of medical complications, and current medical condition support converting the remainder of his sentence to home confinement where he only has approximately two months left to serve on his sentence.

Defendant's MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 65) is **GRANTED**.

## PROCEDURAL HISTORY

On July 26, 2016, an Information was filed charging Defendant Darrell Baclaan with one count of Distribution of Oxycodone in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).  (ECF No. 37).

On July 28, 2016, Defendant pled guilty to the one count in the Information.  (ECF No. 40).

On September 30, 2016, the Court accepted Defendant's plea of guilty.  (ECF No. 45).

On November 4, 2016, Defendant's Presentence Investigation Report was filed.  (ECF No. 51).  Defendant was in Criminal History Category VI and had a total offense level of 21.  (Id. at p. 51).  Defendant's sentencing guidelines recommended a term of imprisonment between 77 and 96 months.  (Id.)

On November 10, 2016, the Court held a sentencing hearing. (ECF No. 53). Defendant was sentenced below the guidelines to 45 months imprisonment and three years of supervised release. (ECF No. 54).

On December 8, 2018, Defendant's term of supervised release commenced. (ECF No. 56).

On September 16, 2019, a Request For Course Of Action was filed, alleging four violations of Defendant's conditions of supervised release. (ECF No. 56). The violations were alleged, as follows:

1. On 7/25/19, Mr. Baclaan admitted that he used methamphetamine on or about 7/20/2019, in violation of the General Condition.

2. On 8/13/2019 and 8/18/2019, Mr. Baclaan failed to comply with drug testing, in violation of Special Condition No. 2.

3. On 8/19/2019, Mr. Baclaan admitted that he used methamphetamine on several occasions starting on or about 7/29/2019 and ending on or about 8/19/2019, in violation of the General Condition.

4. On 8/19/2019, Mr. Baclaan admitted to associating with Travis Timothy Rodrigues, a convicted felon, without the permission of the probation officer on several occasions, in or about July and August 2019, in violation of Standard Condition No. 8.

(ECF No. 56 at pp. 1-2).

On September 23, 2019, an Amended Request For Course Of Action was filed, alleging a fifth violation of Defendant's conditions of supervised release, as follows:

5. Mr. Baclaan's urine specimens submitted on 08/26/2019 and 09/05/2019 were confirmed positive for methamphetamine, in violation of the General

      Condition.

(ECF No. 59).

On September 26, 2019, the Court held a hearing on the Order To Show Cause Why Supervised Release Should Not Be Revoked. (ECF No. 60). At the hearing, Defendant admitted to violations 1 through 4 and denied Violation 5. (Id.)

On October 15, 2019, the Court held a continued hearing on the Order To Show Cause. (ECF No. 61). The Court found that Defendant had violated conditions 1 through 4 of his supervised release. (Id.)

The Court sentenced Defendant to a term of imprisonment of 12 months and one day with no further term of supervised release. (ECF No. 63).

On May 4, 2020, Defendant filed a MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 65).

On May 15, 2020, the Court issued a briefing schedule. (ECF No. 66).

On May 20, 2020, the Government filed GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR IMMEDIATE RELEASE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(1)(A). (ECF No. 67).

On May 21, 2020, Defendant filed a Reply. (ECF No. 68).

On May 29, 2020, Defendant filed a Supplement. (ECF No. 69).

The Court elects to decide the matter without a hearing

pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in section (c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau
> of Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights
> to appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30
> days from the receipt of such a request by the warden
> of the defendant's facility, which is earlier, may

5

>     reduce the term of imprisonment...after considering the
>     factors set forth in section 3552(a) to the extent that
>     they are applicable, if it finds that—
>
>         (i)  extraordinary and compelling reasons warrant
>              such a reduction;
> ...
>              and that such a reduction is consistent with
>              applicable policy statements issued by the
>              Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### A.   Exhaustion

The statute allows the Court to consider a request for release without a motion from the Bureau of Prisons only after:

>   (1)  the defendant has "fully exhausted all administrative
>        rights"; or,
>
>   (3)  "the lapse of 30 days from the receipt of such a
>        request by the warden of the defendant's facility,
>        whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).

Exhaustion is mandatory before the Court may consider a request for compassionate release. See United States v. Jacob Drummondo-Farias, Cr. No. 12-00174 JMS-01,    F.Supp.3d   , 2020 WL 2616119, *3 (D. Haw. 2020).

The Parties agree that Defendant has complied with the administrative exhaustion requirement. On March 31, 2020, Defendant, through counsel, submitted a request to the warden of the Honolulu Federal Detention Center. More than thirty days have lapsed since the Defendant submitted his request.

6

**B.    Merits Of Defendant's Request For Compassionate Release**

If a defendant exhausts his administrative remedies, the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13, which provides:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A)    Extraordinary and compelling reasons warrant the reduction; or
>
>        (B)    The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
>     (2)    The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>     (3)    The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c).  Defendant is only entitled to

relief if he demonstrates:

(1) extraordinary and compelling reasons warrant a sentence reduction;

(2) he is not a danger to the safety of others or the community, and,

(3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### 1. Extraordinary And Compelling Reasons Are Required To Warrant Sentence Reduction

The Sentencing Commission's application note for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The note explains that extraordinary and compelling reasons exist when:

(A) **Medical Condition of the Defendant.**–

　(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

　(ii) The defendant is—

　　(I)　suffering from a serious physical or medical condition,

　　(II)　suffering from a serious functional or cognitive impairment, or

　　(III)　experiencing deteriorating physical or mental health because of the aging process,

8

>      that substantially diminishes the ability of the
>      defendant to provide self-care within the
>      environment of a correctional facility and from
>      which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**–The defendant (i) is at least 65
>     years old; (ii) is experiencing a serious deterioration
>     in physical or mental health because of the aging
>     process; and (iii) has served at least 10 years or 75
>     percent of his or her term of imprisonment, whichever
>     is less.
>
> (C) **Family Circumstances.**–
>     (i)  The death or incapacitation of the caregiver of
>          the defendant's minor child or minor children.
>
>     (ii) The incapacitation of the defendant's spouse or
>          registered partner when the defendant would be the
>          only available caregiver for the spouse or
>          registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the
>     Bureau of Prisons, there exists in the defendant's case
>     an extraordinary and compelling reason other than, or
>     in combination with, the reasons described in
>     subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 62 years old. He is suffering from serious medical conditions that warrant relief. Defendant's Presentence Report from 2016 reflects that Defendant underwent surgery on his neck in 2007 and suffers from chronic pain as a result of the injury. (PSR at pp. 27-28, ECF No. 51). Defendant purportedly also suffered from a heart attack in October 2010. (Id. at p. 27).

Defendant currently suffers from asthma, coronary artery disease, obstructive sleep apnea, insulin-dependent type 2 diabetes, hypertension, degenerative disc disease and radiculitis. (Motion at p. 9, ECF No. 65-1). Defendant states

that he has required emergency medical treatment while incarcerated. (<u>Id.</u>) Defendant has been prescribed a number of medications to treat his various serious medical conditions. (<u>Id.</u>)

Defendant argues that his conditions place him at a higher risk for severe illness if he contracted COVID-19 while incarcerated. The Court agrees. Defendant's advanced age, medical history, and current medical conditions meet the standard for extraordinary and compelling reasons to seek release pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 cmt. n.1.

### 2. Release Is Available If Defendant Does Not Pose A Danger To The Safety Of Others And The Community

In order to be eligible for compassionate release, Defendant must also establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

Defendant Baclaan reports no issues with disciplinary sanctions at FDC Honolulu during his period of incarceration. Neither Defendant's original offense nor his supervised release violations involved violence. Defendant's violations of the terms of his supervised release were related to his illegal drug use. Defendant has now served a lengthy period of incarceration without illegal drug use.

Defendant requests that the remainder of his term of

imprisonment be converted to a period of home confinement where he can reside at his family home on the island of Oahu.  (Motion at pp. 33-34, ECF No. 65-1).  Considering the factors set forth in § 3553(a) and the Sentencing Guidelines policy statements, the Court finds that home confinement for the remainder of Defendant's sentence is appropriate pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

Defendant's Motion For Immediate Release Under The First Step Act (Compassionate Release) (ECF No. 65) is **GRANTED.**

Defendant shall be placed on home confinement without electronic monitoring for a period of time equal to the remaining term of his sentence of imprisonment imposed on October 15, 2019 (ECF No. 63).  Defendant shall abide by the special and general conditions of supervised release imposed on November 10, 2016.

Defendant shall be immediately released from the Bureau of Prison's custody to begin his term of home confinement, and he shall remain in self-quarantine for a period of time not less than 14 days after his release.

//
//
//
//
//

Defendant shall report by telephone to the United States Probation Office for the District of Hawaii within 48 hours of his release from custody.

IT IS SO ORDERED.

Dated: May 29, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Darrell Baclaan, Crim. No. 16-00468 HG-01; **ORDER GRANTING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 65)**